UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA; STATE
OF NEW YORK *ex rel* STEPHEN DAVIS;
STEPHEN DAVIS,

                Plaintiffs,                  **MEMORANDUM AND ORDER**
v.                                                          15-CV-1085 (RPK) (RML)

NORTH SHORE AMBULANCE AND
OXYGEN SERVICE, INC.; and ANTHONY
TUFARO,

                Defendants.
--------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiff's claims are dismissed for failure to timely serve defendants under Federal Rule of Civil Procedure 4(m).

      Plaintiff filed this lawsuit in 2015, Compl. ¶ 12 (Dkt. #1), asserting *qui tam* and retaliation claims under the False Claims Act, 31 U.S.C. §§ 3729 and 3730 (the "FCA"), and the New York False Claims Act, N.Y. State Fin. Law §§ 189 and 191. Both New York State and the United States declined to intervene. The State of New York's Notice of Election to Decline Intervention (Dkt. #16); The Government's Notice of Election to Decline Intervention (Dkt. #17). Plaintiff's counsel then moved to withdraw. Mot. to Withdraw (Dkt. #19). The Court granted the motion but stayed the withdrawal until March 2, 2022, so that plaintiff could look for new counsel. Order dated February 16, 2022. Plaintiff opted to proceed *pro se* and refiled his complaint. Notice of Request to Continue *Pro Se* (Dkt. #21); Notice of FCA Compl. (Dkt. #22). The Court extended plaintiff's time to serve his complaint until April 18, 2022. Order dated February 16, 2022. Plaintiff untimely served defendants on April 21, 2022. Summons Returned Executed (Dkt. #30). Defendants moved to dismiss, asserting improper service, among other grounds. Defs.' Mot. to

1

Dismiss 2 (Dkt. #24).  Plaintiff has not responded to defendants' motion despite the multiple deadline extensions provided by the Court.  *See* Order dated June 23, 2022; Order dated August 25, 2022.

Plaintiff's claims are dismissed based on untimely service.  Under Rule 4(m), if a plaintiff fails to complete service within the time permitted by law, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If a plaintiff shows "good cause for the failure" to satisfy the service requirements of Rule 4, then "the court must extend the time for service for an appropriate period."  *Ibid*.  On the other hand, if the plaintiff does not show good cause for failure to effectuate timely service, "a district court may grant an extension . . ., but it is not required to do so."  *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).  To benefit from a discretionary extension, "the plaintiff must ordinarily advance some colorable excuse for neglect."  *Ibid*.

No extension is justified here.  Plaintiff completed service after the extended deadline for serving process had passed—albeit only three days late.  But plaintiff has not offered any reason for his untimely service—nor has he responded in any way to defendants' motion seeking dismissal of the complaint on this basis.  And though some of plaintiff's claims would likely be time-barred if plaintiff refiled them, *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 541 (S.D.N.Y. 2016) ("[T]he applicable statute of limitations for the FCA is six years.") (citing 31 U.S.C. § 3731(b)(1)), dismissal is still warranted because plaintiff has not offered any explanation for his untimeliness, *see Jimenez v. U.S. Bank Nat'l Ass'n for CMLTI 2007-WFHE2*, No. 2:17-CV-00033 (ADS) (AYS), 2018 WL 4954097, at *4 (E.D.N.Y. Oct. 11, 2018) ("[T]his Court, and many others, have dismissed actions under Rule 4(m), even when doing so would, in effect, constitute a dismissal with prejudice of the plaintiff's claims.").  I decline to grant plaintiff

a *nunc pro tunc* extension of the service deadline, and instead dismiss his claims without prejudice under Rule 4(m). *See, e.g.*, *Bey v. New York State Dep't of Soc. Servs.*, No. 21-CV-5713 (RPK) (PK), 2022 WL 706510, at *3 (E.D.N.Y. Mar. 8, 2022); *Valle v. U.S. Bank, N.A.*, No. 20-CV-3082 (RRM) (SJB), 2021 WL 2554093, at *2 (E.D.N.Y. Apr. 19, 2021), *report and recommendation adopted*, No. 20-CV-3082 (RRM) (SJB), 2021 WL 2550585 (E.D.N.Y. June 22, 2021).

## CONCLUSION

Defendants' motion to dismiss is granted. Plaintiff's claims are dismissed without prejudice for inadequate service under Rule 4(m).

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: January 11, 2023
      Brooklyn, New York